**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUVENAL BAEZ-GARCIA, | No. 13-73120 |
| Petitioner, | Agency No. A095-734-399 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2015[**]

Before:     TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

Juvenal Baez-Garcia, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' order summarily affirming an immigration

judge's order denying his motion to reopen removal proceedings.  We have

jurisdiction under 8 U.S.C. § 1252.  We review for abuse of discretion the denial of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

a motion to reopen. *Mohammed v. Gonzales,* 400 F.3d 785, 791 (9th Cir. 2005). We deny the petition for review.

Baez-Garcia does not challenge the agency's determinations that he failed to submit previously unavailable evidence in support of his motion to reopen and that he failed to establish ineffective assistance of counsel. *See Martinez-Serrano v. INS,* 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived). Accordingly, the agency did not abuse its discretion in denying Baez-Garcia's motion to reopen. *See* 8 C.F.R. § 1003.23(b)(3) (a motion to reopen will not be granted unless the evidence offered was not available at the former hearing); *Mohammed,* 400 F.3d at 793-94 (compliance with *Matter of Lozada* guidelines and a showing of prejudice are required for an ineffective assistance of counsel claim).

Baez-Garcia has failed to establish that the agency excluded or ignored evidence of his presence in 1997 in reaching its conclusion that he had not established continuous physical presence between November 1997 and February 1999. *See Larita-Martinez v. INS,* 220 F.3d 1092, 1095-96 (9th Cir. 2000) (to establish a due process violation for failing to consider evidence, petitioner must overcome the presumption that the board did review the evidence).

**PETITION FOR REVIEW DENIED.**

13-73120